UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL WRIGHT                                CIVIL ACTION NO.: 19-13529
     Plaintiff
                                                                                     SECTION: "F"

VERSUS
                                                                                     MAGISTRATE: "5"

CITY OF HARAHAN, et al.
     Defendants

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

NOW INTO COURT, through undersigned counsel, come Defendants The City of Harahan, Chief Tim Walker, Lieutenant Thomas Bronk, and Captain Manuel Adams (hereinafter collectively referred to as the "Harahan Defendants"), who respectfully submit this *Reply Memorandum* in support of their *Motion to Dismiss* Plaintiff Michael Wright's ("Wright") *Complaint* pursuant to Federal Rule of Civil Procedure 12(b)(6).

    **I.**    **Any New Allegations in Plaintiff's Opposition Should be Ignored.**

Wright filed an Opposition [Doc. 8] to the Harahan Defendants *Motion to Dismiss* [Doc. 6] on January 21, 2020. In his Opposition, Wright attempts to introduce additional facts not contained in his *Complaint* and argues that the Harahan Defendants can verify the facts he presented and/or counter them. Of course, this is inappropriate at this stage because a 12(b)(6) motion relates to the facts articulated on the face of the complaint. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In ruling on a 12(b)(6) motion, a district court generally only relies on the complaint and its attachments, however, a court is permitted "to rely on documents incorporated into the complaint by reference and matters of which a court may take judicial notice." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citing Fin. Acquisition Partners LP v. Blackwell, 440 F.3d 278, 286 (5th Cir.2006), Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 127 S. Ct. 2499, 2509,

1

168 L.Ed.2d 179 (2007) [internal quotations omitted].  A court may not consider "new factual allegations made outside the complaint."  Dorsey, 540 F.3d at 338.  Therefore, any new factual allegations contained in Wright's Opposition should not be considered.

## II.     Qualified Immunity

Wright contends that Defendants Walker, Adams, and Bronk, in their individual capacities, are not entitled to qualified immunity because, he contends, they committed crimes.  Wright argues that the officers violated La. R.S. 14:134[1] relating to alleged Malfeasance in Office and La. R.S. 14:132 relating to alleged Injuring Public Records.  Neither of the crimes falsely alleged against Walker, Adams, and Bronk establish a violation of Wright's constitutional rights.  The malfeasance he alleges does not relate to him, and there is no constitutional provision that protects a police officer from having his report rewritten.  For this reason alone, Wright has failed to overcome the individual officers' defense of qualified immunity.

Notwithstanding, Wright's allegations against Walker, Adams, and Bronk do not establish any criminal behavior under the cited statutes.  With respect to malfeasance, Wright claims that the Harahan Defendants' conduct in investigating another officer's alleged malfeasance and investigating missing evidence amounts to criminal behavior.  A public official may only be guilty of malfeasance in office if a provision of the law "delineates an affirmative duty upon the official." State v. Gravois, App. 5 Cir.2017, 234 So.3d 1151, 17-341 (La. App. 5 Cir. 12/13/17).  Walker is Harahan's Police Chief, and as such, is "charged with the enforcement of all ordinances within the municipality and all applicable state laws." La. R.S. 33:423.  In this role, he "has the inherent authority to control or administer the day to day operations of the police department."  Doyle v. City of Harahan, 610 So. 2d 272, 273 (La. App. 5 Cir. 1992).  This necessarily requires prioritizing

---

[1] Incorrectly cited as La. R.S. 14:**143** in Plaintiff's Opposition.

certain investigations in favor of others and allocating resources and officers. This discretion alone precludes a finding that Walker, Adams, or Bronk committed malfeasance in office.[2]

Additionally, Wright claims that Defendant Adams violated La. R.S. 14:132, relating to injuring public records, by having another officer rewrite his police report. It is questionable that the police report to which Wright refers would be a public record subject to disclosure. Inferences from his pleadings suggest it would not because it was a report relating to an active investigation which is protected from disclosure by La. R.S. 33:3(A)(1). In any event, although Wright claims his report was "completed," that determination was properly within the authority of Wright's supervising officers who determined that Wright's report was not "complete" and could not be entered by Wright because he was on administrative leave. Walker, Adams, and Bronk engaged in no criminal conduct whatsoever.

### III. Wright's First Amendment Claims

Wright's *Complaint* is devoid of any facts surrounding his attempt to be a "whistleblower" to a news reporter in 2017. Whether Wright was off-duty or on-duty at the time he reached out to the news reporter does not change the fact that he was a commissioned law enforcement officer sworn to uphold the law who had "special knowledge" of the Harahan Police Department's practices and procedures. See Williams v. Dallas Indep. Sch. Dist., 480 F. 3d 689, 693 (5th Cir. 2007). This speech was not protected.

Wright's First Amendment claim also fails because he has only pleaded conclusory allegations attempting to draw a causal link between his termination and the speech. His allegations do not state a plausible claim for relief. Although Wright alleges an adverse

---

[2] Wright also alleges, falsely, that Bronk failed to report finding nude photographs of children to the Louisiana Department of Children and Family Services. This allegation was not contained in Wright's Complaint and cannot be considered herein.

3

employment action (which was later reversed), he has not sufficiently alleged that the speech caused his termination beyond conclusory allegations. Indeed, as alleged in Wright's *Complaint*, he was *already* on administrative leave when the speech was discovered. [Rec. Doc. 1 ¶ 16]. As alleged by Wright, he received various hearings, administrative proceedings, and appearances at the Harahan Police and Firefighter's Civil Service Board prior to his termination. Although Wright used his *Opposition* [Rec. Doc. 8] to improperly supplement the facts contained in his *Complaint* throughout, the only additional fact he alleged therein with respect to the hearings was that an officer not participating in the determination asked about his speech to the media. It is not plausible that after all of these administrative procedures, the cause of his termination was speech that was only discovered after he was placed on administrative leave.

## IV. Claim Under the Fourth Amendment

Wright has failed to sufficiently allege a violation of his Fourth Amendment right against unreasonable searches and seizures. Wright alleges that, while he was on administrative leave, Bronk entered his work locker, found a recording device, and listened to the files thereon. [Rec. Doc. 8 ¶ 16]. Wright has not alleged sufficient facts, however, to suggest that the search was an unreasonable intrusion of whatever expectation of privacy he may have been entitled to with respect to items he left behind at work while he was on administrative leave. "In the case of searches conducted by a public employer, we must balance the invasion of the employees' legitimate expectations of privacy against the government's need for supervision, control, and the efficient operation of the workplace." O'Connor v. Ortega, 480 U.S. 709, 719–20, 107 S. Ct. 1492, 1499, 94 L. Ed. 2d 714 (1987). Searches of a public employee's private space is governed by a reasonableness standard rather than requiring probable cause for intrusions that are work related, even if the intrusion is in connection with a work-related investigation of misconduct. Id. at 724-

6. To be reasonable in this context, both the inception and scope of intrusion must be reasonable. Id.

In this case, a Harahan Police Department shift locker assigned to Wright is alleged to have been searched while Wright was on administrative leave. Wright does not allege the reason for the search, but there are countless work-related reasons an officer might need to access another officer's locker while that officer is on administrative leave. For example, other officers were handling work that was previously assigned to Wright, so information and evidence in his possession was essential to completing investigations. Additionally, the scope of the intrusion could have been reasonable in countless ways. For example, an officer working on investigations formerly assigned to Wright may have searched his recorder for witness statements necessary to complete a report. Because Wright alleges no facts demonstrating that the search of his locker was unreasonable in its inception or scope, his *Complaint* fails to state a claim for a violation of his Fourth Amendment rights.

### V. Additional Claims

Wright's Opposition to the Harahan Defendants *Motion to Dismiss* either restates conclusory allegations or alleges facts which are outside his *Complaint* and should not be considered. As such, for the reasons articulated in the *Memorandum in Support of Harahan Defendants' Motion to Dismiss* as well as this *Reply*, those claims must also be dismissed.

### VI. Conclusion

Wright has failed to allege facts to state a plausible claim for relief for any of the claims he has asserted. As such, the Harahan Defendants pray that this Honorable Court grant their *Motion to Dismiss* and dismiss Wright's suit, in its entirety, with prejudice.

Respectfully submitted this 31st day of January, 2020.

/S/ DEBORAH A. VILLIO
DEBORAH A. VILLIO (La. Bar #19352)
MICHAEL L. FANTACI (La. Bar # 25043)
LEBLANC FANTACI VILLIO, LLC
3421 No. Causeway Blvd., Suite 201
Metairie, LA 70002
Telephone: (504) 828-1010
Facsimile: (504) 828-1079
dvillio@lfvlaw.us
mfantaci@lfvlaw.us

*Attorneys for Chief Tim Walker, Lt. Thomas Bronk, Captain Manual Adams (in their official capacities and their individual capacities), and the City of Harahan.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been electronically filed with the Clerk of Court using the Court's CM/ECF system which will provide a notice of electronic filing to all registered parties on this 31st day of January 2020. I further certify that the *pro se* Plaintiff has been served with the foregoing via U.S. Mail at his most recent address of record and via Email on this 31st day of January, 2020.

Michael Wright
115 Apple Street
Norco, LA 70079
michaelpwright@yahoo.com

/S/ DEBORAH A. VILLIO