UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL WRIGHT           *     CIVIL ACTION NO. 19-13529
   Plaintiff               *
                          *
VERSUS                    *     SECT: F , MAG.: 5
                          *
CITY OF HARAHAN, et al.   *
   Defendants              *
                          *

*********************************************



## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

MAY IT PLEASE THE COURT:

Chief Kerry Najolia ("Najolia") of the East Jefferson Levee District Police Department and Southeast Louisiana Flood Protection Authority ("SLFPA"), the Defendant's, Attorney, Mark E. Hanna, filed a motion to dismiss based upon the claims that the Compliant filed by Wright fail to state a claim under FRCP 12(b)(6). Michael Wright ("Wright") respectfully submits this Memorandum in Opposition to the Defendant's Motion to Dismiss.

### I. INTRODUCTION

Mark Hanna, Attorney for Najolia and SLFPA claims that the initial complaint filed by Wright fails to state specific claims against any of the Harahan

1

Defendants and is based solely on conclusory statements. The factual allegations made in Wright's complaint were, by design, the grounds for the court's jurisdiction, a summary statement of the events during which several claims were made, and the relief sought which are guided under Federal Rules of Civil Procedure Rule 8(a). The claims asserted in Wright's complaint can be substantiated while under adjudication with this court. These claims are made in good faith under the scrutiny of common sense. The Motion to Dismiss which was filed by Mr. Hanna on behalf of the Najolia and SLFPA is nothing more than an attempt to hurriedly gain a dismissal without responding to any of the allegations listed in the Complaint submitted by Wright.

## II. DEFENDANT'S ALLEGATIONS AND RESPONSE

Mr. Hanna states, "Wright alleges he was interview for a position with the East Jefferson Levee District ('EJLD") Police Department in August 2018..." which is easily verifiable event and is well within the access of ELJD. Furthermore, Wright had also since applied in January of 2019, again hearing nothing from EJLD; Another easily verifiable event within the access of the EJLD.

Wright's complaint also referenced that Najolia and Tim Walker were friends, so much so that Walker enlisted Najolia's assistance with internal investigations. In a recent civil service hearing, emails were exposed which documented Najolia and agents with Harahan Police Department discussing a "game plan" to remove officers in direct violation of Civil Service State law.

2

Wright attempted to meet with Najolia on several occasion through his office, through Captain Don Juneau, and through direct email from Wright to Najolia, again easily verifiable information.

Mr. Hanna notes that Wright "offers no additional facts in support" of Wright being passed over for employment by the East Jefferson Levee District Police while other officers with significantly less or no experience were hired instead. A simple list of those individuals hired after February 2018 would easily provide verification to Wright's claims.

Mr. Hanna notes that "Wright contends that the actions of Najolia and other defendants resulted in an inability to secure employment and financial hardships. No additional facts are offered in support of the conclusory statement." Najolia being friends with Walker, Najolia's external agency participating in internal investigation for the Harahan Police Department, attending civil service hearings then supporting Walker throughout, displays a familiar relationship in which Walker, who submitted a Giglio letter to the 29th JDC which directly disparages Wright's reputation and credibility. Najolia assistance during or after the fact means he is or was a willing participant. These disparaging remarks were made in conjunction with Wright's termination and after Wright's reinstatement, these disparaging comments, which are false, are still on record and not nullified as required by law. Thus, leading to a "black balling" situation in which Najolia participated.  There was no logical explanation provided for Wright's employment denial with the EJLD and this most assuredly made finding future employment

3

within his profession difficult. Wright's career, retirement prospects, and chosen profession were denied him through the unlawful acts of the Harahan Police Department and Najolia and he is still suffering as a result.

Mr. Hanna indicates that the "East Jefferson Levee District Police Department and the Orleans Levee District Police Department are not juridical entities susceptible of being sued under Louisiana law." Wright Complaint names the Southeast Flood Protection Authority as the managing or governing agency for the East Jefferson Levee District Police Department and the Orleans Levee District Police Department. Wright never named the East Jefferson Levee District Police Department and the Orleans Levee District Police Department in his complaint as parties to this suit. Every fully marked police unit in the East Jefferson Levee District Police Department and the Orleans Levee District Police Department fleet don a sticker which indicated the Southeast Flood Protection Authority is the governing or managing agency for the East Jefferson Levee District Police Department and the Orleans Levee District Police Department.

Najolia, who knows or should have known civil service law relative to investigations. Najolia is the Chief law enforcement officer of the East Jefferson Levee District Police Department and the Orleans Levee District Police Department both of which enjoy civil service protection. Nevertheless Najolia is either uninformed about civil service law making him incompetent or knowingly ignored civil service law relative to reinstatement. Wright has a Constitutionally protected right to due process, when Wright exercised that right by requesting a civil service

4

hearing, gaining a reinstatement, which immediately deemed all investigation, discipline, termination, demotion, or other adverse actions an absolute nullity. Thomas Bronk testified under oath at a recent Harahan civil service hearing that the Harahan administration threatened him in what he considered "extortion" to cooperate with an investigation in direct violation of civil service law. According to Bronk if he did not cooperate they would terminate Bronk's employment knowing that he would win at civil service but would have to "deal with the appeals process, the whole investigation process, going through all the cost of investigation, possible disciplinary outcome and you'll have to do without income." Indicating that Harahan Police Department uses the investigative process improperly and as a coercive tool. When Najolia participated in this behavior, colluded with Harahan Police, and did not properly manage his agency he was either plainly incompetent or he knew or absolutely should have known that his actions violated civil service law, thus he is not entitled to qualified immunity. Najolia's conduct violates clearly established civil service law, more specifically, LRS 40:2531 and LRS 40:2535.

Mr. Hanna also states that, "In the present case, Wright has alleged that he had a property interest in a job as the EJLD Police Department simply because he interviewed for the position and feels that he was the best candidate. Wright does not indicate anywhere that he "feels" anything about this present case. Wright possesses extensive training, education, and experience relative to police work, much more than many of the officers hired after February 2018 when Wright applied to the ELJD through January 2019 when last applied.

5

## III. CONCLUSION

Mr. Hanna dismissed several easily verifiable facts as allegations and states that Wright's complaint failed to properly state the causes of actions. When Najolia colluded with Walker he became a party to their violations as well as his own. Wright exercised his Constitutional rights as well as his rights under civil service and suffered as a result of exercising those rights. Wright prays that this Memorandum in Opposition to the Defendant's Motion to Dismiss sufficiently explains more of the specifics of the claims made by Wright and that this Honorable court deny Mr. Hanna's Motion to Dismiss.

Respectfully Submitted,

Michael Wright
115 Apple Street
Norco, LA 70079
(504) 415-9118
michaelpwright@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been filed with the Clerk of Court for the United States District Court for the Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana. I further certify that the

attorney for the Harahan Defendants has been served with the foregoing via U.S. Mail at the address listed below and via email on this 27th day of February 2020:

/S/ Mark E. Hanna
701 Poydras Street, Suite 4250
New Orleans, Louisiana 70139
mhanna@mblb.com

_____
Michael P. Wright