UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL WRIGHT                                          CIVIL ACTION

v.                                                      NO. 19-13529

CITY OF HARAHAN, ET AL.                                 SECTION "F"

ORDER AND REASONS

Before the Court is defendant Thomas Bronk's motion for summary judgment. For the reasons that follow, the motion is GRANTED.

**Background**

On November 8, 2019, the plaintiff Michael Wright filed this pro se civil rights action against multiple defendants including Thomas Bronk.[1] All but one of Wright's claims have since been dismissed with prejudice. As a result, "the only claim that remains in this lawsuit is Wright's individual-capacity 42 U.S.C. § 1983 claim against Lieutenant Thomas Bronk for alleged Fourth Amendment violations."

---

[1] At bottom, Wright claims "that the Harahan Police Department fired him for exposing corruption and then conspired with the Flood Protection Authority to ensure that he never worked in law enforcement again." Wright v. City of Harahan, 2020 WL 815289, at *1 (E.D. La. Feb. 19, 2020).

1

In that claim, Wright sues Bronk in his individual capacity for conducting an allegedly unlawful search and seizure of a digital recorder belonging to Wright that produced information that the Harahan Police Department used against Wright in a disciplinary proceeding that cost Wright his job and set off the chain of events at the heart of Wright's complaint.  Bronk moves for summary-judgment dismissal of that claim.

I.

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate where the record reveals no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The Supreme Court has emphasized that the mere assertion of a factual dispute does not defeat an otherwise properly supported motion.  See id.  Therefore, where contradictory "evidence is merely colorable, or is not significantly probative," summary judgment remains appropriate.  Id. at 249–50 (citation omitted). Likewise, summary judgment is appropriate where the party opposing

2

the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). In this regard, the nonmoving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Expl. Co., 974 F.2d 646, 649 (5th Cir. 1992). Instead, it must come forward with competent evidence, such as affidavits or depositions, to buttress its competing claim. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible at trial do not qualify as competent opposing evidence. FED. R. CIV. P. 56(c)(2); Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987) (per curiam).

Finally, in evaluating a summary judgment motion, the Court must read the facts in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255.

II.

In the motion for summary judgment at hand, Bronk seeks dismissal of Wright's § 1983 claim against him on multiple grounds. As an initial technical matter, Bronk contends that Wright's claim is prescribed.

"Because there is no federal statute of limitations for actions brought pursuant to § 1983, federal courts borrow the forum state's general personal injury limitations period." Bargher v. White, 928 F.3d 439, 444 (5th Cir. 2019). "Louisiana's one-year

3

liberative prescription period thus applies to [Wright's] § 1983 action." See id. at 444–45.

"Although courts look to state law for the length of the limitations period, the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" McDonough v. Smith, 139 S. Ct. 2149, 2155 (2019) (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007)). Generally speaking, and in this case, "[t]hat time is . . . 'when the plaintiff has "a complete and present cause of action."'" Id. (quoting Wallace, 549 U.S. at 388).

By any conceivable point of demarcation here, there is no question that Wright had "a complete and present cause of action" against Bronk more than one year before he filed his complaint on November 8, 2019. For starters, there is no dispute that the search by Bronk forming the basis for Wright's Fourth Amendment claim occurred on October 12, 2018. Compare Mot. at 2–3 (facts 5 and 7), with Opp'n at 2 (responses 5 and 7). Likewise, there is no dispute that Wright learned of the search – and learned "that Harahan was in possession of his recorder" - by November 2, 2018 at the latest. Compare Mot. at 6–7 (fact 26), with Opp'n at 8 (response 26). And finally, there is no dispute that Wright was terminated on November 7, 2018. Compare Mot. at 7 (fact 28), with Opp'n at 8 (response 28).

4

Consequently, the developed factual record before the Court indisputably reveals that November 7, 2018 is the latest date on which Wright could be deemed to have had "a complete and present cause of action" against Bronk for the allegedly unlawful search and seizure at issue.  Cf. McDonough, 139 S. Ct. at 2155.  As of that date, Wright had both been made aware that the search had occurred *and* suffered a concrete injury as a result of the search: namely, termination from employment at the Harahan Police Department.

Because he filed his complaint in this case more than one year later, on November 8, 2019, his Fourth Amendment § 1983 claim against Bronk is time-barred as a matter of law.[2]

---

[2]   On the developed record, Wright's claim fails on the merits as well.  The starting point of any Fourth Amendment analysis is "whether a person has a 'constitutionally protected reasonable expectation of privacy.'"  California v. Ciraolo, 476 U.S. 207, 211 (1986) (quoting Katz v. United States, 389 U.S. 347, 360 (1967) (Harlan, J., concurring)).  Public employees like Wright may have a reasonable expectation of privacy in storage cabinets depending on "(a) office practices and procedures; (b) legitimate regulation; and (c) the cabinet's contents."  Wright v. City of Harahan, 2020 WL 815240, at *7 (E.D. La. Feb. 19, 2020) (citing O'Connor v. Ortega, 480 U.S. 709, 717 (1987) (plurality opinion)).  Here, Wright did not have a reasonable expectation of privacy in either the digital recorder at issue (which was similar in size and shape to others utilized by the Department and did not bear any personal identifying marks that would inform a reasonable passerby that it was the personal property of any particular officer) or the "shift cabinet" in which Bronk discovered it (which Wright shared with numerous other officers on the "C" shift).

Accordingly, IT IS ORDERED: that Thomas Bronk's motion for summary judgment is GRANTED.  The plaintiff's lone remaining claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, February 10, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE